Donald W. Powell – State Bar No. 3238
**CARMICHAEL & POWELL, P.C.**
7301 North 16th Street, Ste. 103
Phoenix, Arizona 85020-5297
Phone: (602) 861-0777
Email: d.powell@cplawfirm.com

Attorneys for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>SIERRA BLANCA REHABILITATION, LLC,<br><br>Debtor. | No. 2-12-10157-RJH<br><br>CHAPTER 11<br><br>FIRST AMENDED PLAN OF REORGANIZATION |

COMES NOW the Debtor, by and through its attorneys undersigned, and herein proposes the following Plan of Reorganization.

I. <u>Classification of Creditors</u>.

The classes of creditors are divided as follows:

Class 1     Expenses of Administration.

Class 2     COMPASS BANK ("COMPASS").

Class 3     NAVOPACHE ELECTRIC COOPERATIVE ("NEC").

Class 4     INTERNAL REVENUE SERVICE ("IRS").

| | |
|---|---|
| Class 5 | ARIZONA DEPARTMENT OF REVENUE ("ADOR"). |
| Class 6 | ARIZONA DEPARTMENT OF ECONOMIC SECURITY ("DES"). |
| Class 7 | Unsecured creditors with claims exceeding $2,000.00. |
| Class 8 | Unsecured creditors with claims of $2,000.00 or less. |
| Class 9. | Owners. |

II. <u>Treatment Provisions for Claims of Creditors</u>.

The claims of creditors will be satisfied and treated as below set forth:

Class 1. The Debtor has certain administrative claimants. The Debtor will pay any approved sums to administrative claimants within 30 days of the applicable Court Order, unless the applicable administrative claimant agrees to a later date. Any sums due the United States Trustee are within this Class; it is believed the Debtor is current with quarterly payments due the United States Trustee, and will so remain current. This Class is not impaired by the Plan.

Class 2. COMPASS possesses an Irrevocable Unconditional Letter of Credit ("LOC") from the Debtor. The LOC is guaranteed by possibly 9 entities. Additionally, a money market account of approximately $101,900.00 is collateral for the LOC, such money market account not property of the Debtor. The Debtor is required to make monthly payments to COMPASS of $2,491.23 for principal and interest on the LOC, which payments are current. All sums due COMPASS under the LOC shall be paid by June 11, 2015. COMPASS has

incurred certain attorneys fees and costs regarding the LOC and collection efforts concerning the same. An additional amount of $7,500.00 shall be paid to COMPASS for such attorneys fees and costs in 10 equal payments of $750.00 beginning March 11, 2013, and continuing on the same day of each month until paid. The lien of COMPASS shall be retained until COMPASS has been paid pursuant to the terms of this Class. Interest is applicable at the contract rate. This Class is impaired by the Plan.

Class 3. NEC is the utility provider to the Debtor for electricity. The Debtor is current with utility payments to NEC post-petition and will remain current. Prepetition sums are due NEC, which will be paid in monthly installments of $1,000.00 beginning 30 days after the date of confirmation and continuing on the same day of each month thereafter until fully paid. Interest will not be paid to NEC. This Class is impaired by the Plan.

Class 4. IRS is due for post-petition and prepetition withholding taxes. Beginning 30 days after the date of confirmation, and continuing on the same day of each month thereafter for a total of 12 months, the Debtor shall pay IRS $10,000.00. Subsequently, for a total of 12 months, the Debtor shall pay IRS $15,000.00 each month. At the end of such 24 months of payments, the Debtor shall pay IRS $20,000.00 each month until the post-petition and prepetition withholding taxes have been fully satisfied. The payments to IRS in this Class shall first be applied to the post-petition withholding taxes, and after satisfaction of the post-petition withholding taxes, the payments shall be applied to the prepetition withholding taxes. This Class is impaired by the Plan.

Class 5. ADOR is due for post-petition and prepetition withholding taxes. Beginning 30 days after the date of confirmation, and continuing on the same day of each month thereafter, the Debtor shall pay ADOR $2,000.00; any unpaid amount due ADOR shall be paid in full by the

- 3 -
U:\DWP\Sierra Blanca Rehabilitation, LLC\Pldg\First Amended Plan of Reorganization.doc
Case 2:12-bk-10157-MCW    Doc 122    Filed 07/02/13    Entered 07/02/13 14:31:34    Desc
Main Document    Page 3 of 9

Debtor within 5 years of the date of confirmation. This Class is impaired by the Plan.

Class 6. DES is due a prepetition amount for unemployment taxes. Beginning 30 days after the date of confirmation, and continuing on the same day of each month thereafter, the Debtor shall pay DES $750.00; any unpaid amount due DES shall be paid in full by the Debtor within 5 years of the date of confirmation. This Class is impaired by the Plan.

Class 7. The Debtor will pay unsecured creditors with valid and proven claims exceeding $2,000.00 the total amount of $50,000.00 on a prorata basis. Such amount will be paid in two annual payments of $25,000.00, plus interest at 4% per annum, beginning 12 months from the date of confirmation and continuing on the same date for the following year. It is the opinion of the Debtor that unsecured creditors having valid and proven claims in this Class will receive approximately 10% of said claim. This Class is impaired by the Plan.

Class 8. As an administrative convenience, the Debtor will pay unsecured creditors with valid and proven claims of $2,000.00 or less an amount of 10% of such claim within 30 days of the date of confirmation. An unsecured creditor holding a valid and proven claim exceeding $2,000.00 can elect to reduce such claim to $2,000.00 and be treated in this Class. This Class is impaired by the Plan.

Class 9. The Owners of the Debtor are MATTHEW MEYER, JOSEPH A. and MARY E. MARTIN, HEALTHCARE MANAGEMENT SERVICES, LLC, and COMPASSION CARE MANAGEMENT SERVICES, INC. Under the Plan, they will retain full ownership of the Debtor. From personal funds, such entities will contribute a total of $10,000.00 to assist in consummation of the Plan. Additionally, since the filing of the Chapter 11 Petition, such entities have contributed $92,600.00 to the Debtor which amount

will not be repaid under the Plan. The owners have never received compensation from the Debtor since the Debtor began business. It is the belief of such entities that if a Chapter 7 liquidation occurs, there will be absolutely no funds left for the owners of the Debtor. Due to the amounts of administrative claims, tax claims and unsecured claims, they believe no net value will be applicable for the Debtor for an extensive period of time. The owners are of the opinion that, due to the fact there is no net value of the Debtor, such amount of $10,000.00, plus waiver of payment under the Plan of other amounts due them, are an equivalent value of their interest in the Debtor. Such amount of $10,000.00 shall be contributed within 6 months of the date of confirmation. Competing Plan proposals shall be allowed under applicable bankruptcy laws, and creditors shall have the opportunity to participate in and bid on the equity rights being retained by the owners. Any non-compliance with 11 U.S.C. § 1129(b)(2)(B)(I), which provides that each holder of an unsecured claim in a Class receive or retain on account of such claim property of a value, as of the effective date of the Plan, equal to the allowed amount of such claim, shall be resolved by the new money which is being contributed to the Debtor, thereby satisfying the "new value exception" to the absolute priority rule of the Bankruptcy Code. This Class is impaired by the Plan.

III. Execution and Implementation of the Plan.

MATTHEW MEYER shall continue to serve as the person to perform the duties of the Debtor-In-Possession. The law firm of CARMICHAEL & POWELL, P.C., will represent the Debtor regarding consummation of the Plan of Reorganization. The funds necessary to effectuate consummation of the Plan of Reorganization will derive from business revenues received by the Debtor and the new money being contributed by the owners.

IV.  Contested Claims.

Contested claims by the Debtor shall be paid only upon their allowance by the Court, and in such allowed amount according to the Class in which they belong.

V.  Modification of the Plan.

The Debtor may propose amendments or modifications of this Plan at any time prior to confirmation by compliance with 11 U.S.C. § 1127. After confirmation the Debtor may, with approval of the Court, with notice and a hearing if the Court so orders, and so long as it does not materially or adversely affect the interests of the creditors, remedy any defect or omission or reconcile any inconsistencies in the Plan or in the order of confirmation in such manner as may be necessary to carry out the purposes and effect of the Plan.

VI.  Jurisdiction of the Court.

The Court will retain jurisdiction, until the Plan has been fully consummated, concerning, but not limited to, the following:

1.  The classification of the claim of any creditor and the re-examination of the claims which have been allowed for the purposes of voting and the determination of such objections as may be filed to creditors' claims. The failure by the Debtor to object to or examine any claim for purposes of voting shall not be deemed to be a waiver of the Debtor's right to object to or re-examine the claim in whole or in part.

2.  The determination of all questions and disputes regarding title to the assets of the estate and determination of all causes of action, controversies, disputes or conflicts whether or not subject to any action pending as of the date of confirmation between the Debtor and any other party including, but not limited to, any right of the Debtor to recover assets pursuant to the provisions of Title 11 of the United States Code.

3. The modification of this Plan after confirmation pursuant to the Bankruptcy Rules and Title 11 of the United States Code.

4. The enforcement and interpretation of the terms and conditions of this Plan.

5. The entry of any order, including injunctions, necessary to enforce the title, rights and powers of the Debtor and to impose such limitations, restrictions, terms and conditions of such title, rights and powers.

6. The entry of any Order concluding in the termination of the case.

VII. Post Confirmation Activities.

The assets of the Debtor will not be dissipated after confirmation of the Plan.

VIII. United States Trustee Post-Confirmation.

The Debtor will satisfy, by cash payment and on a timely basis, the quarterly fees due the United States Trustee post-confirmation, such quarterly fees to be paid until a Final Decree has been entered. Further, the Debtor will file on a timely basis, post-confirmation, the required Financial Reports due the United States Trustee, with copies of all such Reports being filed to be served on the United States Trustee.

IX. Plan Default.

The Debtor's failure to make any payment due under the Plan within thirty (30) days after the payment is due shall constitute a default unless the Debtor and the affected creditor agree to delayed payment. A default in payment as to one creditor shall constitute a default in payment as to all creditors. A default shall also occur when any default provisions of any creditor's contract with the Debtor assumed or continued by the Plan has been breached except to the extent that the default provisions or applicability thereof are

modified by the Plan. Upon default, creditors may immediately move for conversion or dismissal of this case, pursuant to 11 U.S.C. § 1112.

X. Effect of Confirmation.

Except as otherwise provided in the Plan or the Order Confirming Plan, confirmation acts as a discharge, effective the date of confirmation, of any and all dischargeable debts of the Debtor that arose any time before the entry of the Order Confirming Plan including, but not limited to, all principal and interest accrued thereon, pursuant to §1141(d)(1) of the Bankruptcy Code. The discharge shall be effective as to each dischargeable claim, regardless of whether a Proof of Claim thereon was filed, whether the claim is an allowed claim or whether the holder thereof votes to accept the Plan.

In addition, any pre-confirmation obligations of the Debtor dealt with in the Plan shall be considered new obligations of the Debtor, and such new obligations shall not be considered in default unless and until the Debtor defaults on the new obligations pursuant to the terms of the Plan. The new obligations provided for in the Plan shall be in the place of, and completely substitute for, any pre-confirmation obligations of the Debtor and, once the Plan is confirmed, the only obligations of the Debtor shall be such new obligations as provided for under the Plan.

XI. Unclaimed Funds and Interest.

Distribution to claimants shall be mailed by the Debtor to claimants at the address appearing on the master mailing matrix unless the claimant provides the Debtor with an alternative address. For a period of one year from the date a distribution was made by the Debtor but has gone uncollected by the claimant, the Debtor shall retain any distributions otherwise distributable hereunder which remain unclaimed. Thereafter, the unclaimed funds shall revest in the Debtor.

- 8 -
U:\DWP\Sierra Blanca Rehabilitation, LLC\Pldg\First Amended Plan of Reorganization.doc

Case 2:12-bk-10157-MCW    Doc 122    Filed 07/02/13    Entered 07/02/13 14:31:34    Desc
Main Document    Page 8 of 9

XII. <u>Revesting</u>.

Except as provided for in the Plan or in the Order Confirming Plan, on the date of confirmation the Debtor shall be vested with all the property of the estate, free and clear of all claims, liens, charges, and other interests of creditors, arising prior to the date of confirmation. Upon the date of confirmation, the Debtor shall operate the business free of any restrictions.

RESPECTFULLY SUBMITTED this 1st day of July, 2013.

CARMICHAEL & POWELL, P.C.

By _____
Donald W. Powell
7301 North 16th Street, #103
Phoenix, Arizona 85020
Attorneys for Debtor