IT IS HEREBY ADJUDGED and
DECREED this is SO ORDERED.

*The party obtaining this order is responsible
for noticing it pursuant to Local Rule 9022-1.*

Dated: February 20, 2014

*Randolph J. Haines*

**Randolph J. Haines, Chief Bankruptcy Judge**



Donald W. Powell – State Bar No. 3238
**CARMICHAEL & POWELL, P.C.**
7301 North 16th Street, Ste. 103
Phoenix, Arizona 85020-5297
Phone: (602) 861-0777

Attorneys for Debtor

# IN THE UNITED STATES BANKRUPTCY COURT

## IN AND FOR THE DISTRICT OF ARIZONA

In re

SIERRA BLANCA REHABILITATION, LLC,

Debtor.

No. 2-12-10157-RJH

CHAPTER 11

ORDER CONFIRMING FIRST AMENDED PLAN OF REORGANIZATION

The First Amended Plan of Reorganization ("Plan") under Chapter 11 of the Bankruptcy Code filed by SIERRA BLANCA REHABILITATION, LLC, dated July 1, 2013, having been transmitted to creditors and equity security holders; and

It having been determined after hearing on notice that:

1.     The Plan has been accepted in writing by the creditors and equity security holders whose acceptance is required by law;

2.     The provisions of Chapter 11 of the Code have been complied with, and the Plan has been proposed in good faith and not by any means forbidden by law;

**CARMICHAEL & POWELL**
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
7301 NORTH 16TH STREET, SUITE 103
PHOENIX, ARIZONA 85020-5297
(602) 861-0777

CARMICHAEL & POWELL
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
7301 NORTH 16TH STREET, SUITE 103
PHOENIX, ARIZONA 85020-5297
(602) 861-0777

3.      Each holder of a claim or interest has accepted the Plan; or each holder of a claim or interest will receive or retain under the Plan property of a value, as of the effective date of the Plan, that is not les than the amount such holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Code on such date; or the Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the Plan;

4.      All payments made or promised by the Debtor or by a person issuing securities or acquiring property under the Plan or by any other person for services or for costs and expenses, in or in connection with, the Plan and incident to the case, have been fully disclosed to the Court and are reasonable or, if to be fixed after confirmation of the Plan, will be subject to the approval of the Court;

5.      The identity, qualifications, and affiliations of the persons who are to be directors or officers of the Debtor, after confirmation of the Plan, have been fully disclosed, and the appointment of such persons to such offices, or their continuance therein, is equitable, and consistent with the interests of the creditors and equity security holders and with public policy;

6.      The identity of any insider that will be employed or retained by the Debtor and their compensation have been fully disclosed;

7.      The Court having reviewed the Declaration of Matthew Meyer in Support of Confirmation of First Amended Plan of Reorganization and the Declaration of Joseph A. Martin in Support of Confirmation of First Amended Plan of Reorganization;

8.      Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the Plan;

- 2 -

9. Objections to confirmation having been filed by the United States Trustee, Internal Revenue Service, Arizona Department of Revenue, Arizona Department of Economic Security, and Compass Bank, but such Objections having been resolved as of the hearing on confirmation on October 28, 2013;

10. Class 4 of the Plan as to Internal Revenue Service is amended as set forth on the attached Exhibit A;

11. Class 5 of the Plan as to the Arizona Department of Revenue is amended as set forth on the attached Exhibit B;

12. Class 6 of the Plan as to the Arizona Department of Economic Security is amended as set forth on the attached Exhibit C; and

13. Class 2 of the Plan as to COMPASS BANK is amended by providing that the terms of the Stipulation for Plan Support Agreement filed on January 25, 2013, a copy of which is attached as Exhibit D, is incorporated into this Order, the Order Approving Stipulation for Plan Support Agreement dated February 22, 2013.

IT IS THEREFORE ORDERED that the Plan filed by the Debtor, a copy of which Plan is attached as Exhibit E, is confirmed, as amended in this Order.

**DATED, SIGNED AND ORDERED AS ABOVE STATED**

**APPROVED this** 8th **day of November, 2013:**

Edward K. Bernatavicius
Trial Attorney
United States Trustee
230 North First Avenue, #204
Phoenix, Arizona 85003
Attorney for United States Trustee

CARMICHAEL & POWELL
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
7301 NORTH 16TH STREET, SUITE 103
PHOENIX, ARIZONA 850020-5297
(602) 861-0777

- 3 -

**APPROVED this** ⎯⎯12th⎯⎯**day of November, 2013:**

*[signature]*

Anne W. Durning
Special Assistant U.S.Attorney
4041 North Central Ave., Ste. 112
Phoenix, Arizona 85012
Attorney for INTERNAL REVENUE SERVICE

**APPROVED this⎯⎯⎯⎯⎯⎯day of November, 2013:**

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

April J. Theis
Assistant Attorney General
1275 West Washington Street
Phoenix, Arizona 85007
Attorney for ARIZONA DEPARTMENT OF REVENUE

**APPROVED this⎯⎯⎯⎯⎯⎯day of November, 2013:**

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

Elchonon D. Goleb
Assistant Attorney General
1275 West Washington Street
Phoenix, Arizona 85007
Attorney for ARIZONA DEPARTMENT OF ECONOMIC
            SECURITY

**APPROVED this⎯⎯⎯⎯⎯⎯day of November, 2013:**

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

Adam B. Nach
Lane & Nach, P.C.
2001 E. Campbell Avenue, #103
Phoenix, Arizona 85016
Attorneys for COMPASS BANK

- 4 -

CP Data:Users:DWP:Sierra Bianca Rehabilitation, LLC:Pkig:OrderConfirmingFirstAmendedPlan.doc

CARMICHAEL & POWELL
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
7301 NORTH 16ᵗʰ STREET, SUITE 103
PHOENIX, ARIZONA 85020-5297
(602) 861-0777

APPROVED this_____day of November, 2013:

Anne W. Durning
Special Assistant U.S.Attorney
4041 North Central Ave., Ste. 112
Phoenix, Arizona 85012
Attorney for INTERNAL REVENUE SERVICE

APPROVED this_____day of November, 2013:

2/3/2014

April J. Theis
Assistant Attorney General
1275 West Washington Street
Phoenix, Arizona 85007
Attorney for ARIZONA DEPARTMENT OF REVENUE

APPROVED this_____day of November, 2013:

Elchonon D. Goleb
Assistant Attorney General
1275 West Washington Street
Phoenix, Arizona 85007
Attorney for ARIZONA DEPARTMENT OF ECONOMIC
                SECURITY

APPROVED this_____day of November, 2013:

Adam B. Nach
Lane & Nach, P.C.
2001 E. Campbell Avenue, #103
Phoenix, Arizona 85016
Attorneys for COMPASS BANK

- 4 -

CP Data:Users:DWP:Sierra Blanca Rehabilitation, LLC:Pkg:OrderConfirmingFirstAmendedPlan.doc

CARMICHAEL & POWELL
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
7301 NORTH 16ᵀᴴ STREET, SUITE 103
PHOENIX, ARIZONA 85020-5297
(602) 861-0777

APPROVED this_____ day of November, 2013:

_____
Anne W. Durning
Special Assistant U.S.Attorney
4041 North Central Ave., Ste. 112
Phoenix, Arizona 85012
Attorney for INTERNAL REVENUE SERVICE

APPROVED this_____ day of November, 2013:

_____
April J. Theis
Assistant Attorney General
1275 West Washington Street
Phoenix, Arizona 85007
Attorney for ARIZONA DEPARTMENT OF REVENUE

APPROVED this___12ᵗʰ___ day of November, 2013:

_____
Elchonon D. Goleb
Assistant Attorney General
1275 West Washington Street
Phoenix, Arizona 85007
Attorney for ARIZONA DEPARTMENT OF ECONOMIC
            SECURITY

APPROVED this_____ day of November, 2013:

_____
Adam B. Nach
Lane & Nach, P.C.
2001 E. Campbell Avenue, #103
Phoenix, Arizona 85016
Attorneys for COMPASS BANK

- 4 -

CP Data:Users:DWP:Sierra Blanca Rehabilitation, LLC:Pkig:OrderConfirmingFirstAmendedPlan.doc

CARMICHAEL & POWELL
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
7301 NORTH 16ᵀᴴ STREET, SUITE 103
PHOENIX, ARIZONA 85020-5297
(602) 861-0777

APPROVED this_____day of November, 2013:

_____
Anne W. Durning
Special Assistant U.S.Attorney
4041 North Central Ave., Ste. 112
Phoenix, Arizona 85012
Attorney for INTERNAL REVENUE SERVICE

APPROVED this_____day of November, 2013:

_____
April J. Theis
Assistant Attorney General
1275 West Washington Street
Phoenix, Arizona 85007
Attorney for ARIZONA DEPARTMENT OF REVENUE

APPROVED this_____day of November, 2013:

_____
Elchonon D. Goleb
Assistant Attorney General
1275 West Washington Street
Phoenix, Arizona 85007
Attorney for ARIZONA DEPARTMENT OF ECONOMIC
         SECURITY

APPROVED this_____day of November, 2013:

_____       2/14/14
Adam B. Nach
Lane & Nach, P.C.
2001 E. Campbell Avenue, #103
Phoenix, Arizona 85016
Attorneys for COMPASS BANK WHICH CLAIM HAS BEEN ASSIGNED TO:
                             VFC Partners 30 LLC

CARMICHAEL & POWELL
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
7301 NORTH 16TH STREET, SUITE 103
PHOENIX, ARIZONA 850020-5297
(602) 861-0777

- 4 -

CP Data:Users:DWP:Sierra Blanca Rehabilitation, LLC:Pkg:OrderConfirmingFirstAmendedPlan.doc

**EXHIBIT A**

Class 4. IRS is due an administrative claim for postpetition employment taxes, a secured claim for prepetition employment taxes, an unsecured priority claim for prepetition employment taxes, and an unsecured claim for prepetition employment taxes. Beginning 30 days after the date of confirmation, and continuing on the same day of each month thereafter for 18 months, the Debtor shall pay IRS $15,000.00 to be applied to the administrative claim. At the end of 18 months from the date of confirmation, the Debtor shall pay IRS $400,000.00 to be applied to the remaining administrative claim and thereafter to the secured claim. After the 18 months of payments of $15,000.00, the monthly payment to IRS shall increase to $20,000.00, with such amount to be paid until the secured and unsecured priority claims of IRS have been fully paid. Interest shall be paid on the administrative claim, secured claim and unsecured priority claim of 3% per annum, the statutory rate set forth in I.R.C. §§ 6621 and 6622 that is in effect during the month the Plan is confirmed as required by 11 U.S.C. § 511. In the event that the Debtor defaults on any payment due the IRS as required under the confirmed Plan, and in the event that the Debtor fails to cure said default within 30 days after written notice of the default is mailed to the Debtor's attorney, the entire imposed liability, together with any unpaid current liabilities, shall become due and payable immediately. IRS may collect unpaid liabilities that become due as a result of the default through the administrative collection provisions or the judicial remedies as set forth in the Internal Revenue Code; IRS shall not be required to seek a modification from the automatic stay to collect any tax liabilities from property that has revested with the Debtor. This Class is impaired by the Plan.

# EXHIBIT B

Class 5.     ADOR is due an administrative claim for postpetition employment taxes, an unsecured priority claim for prepetition employment taxes, and an unsecured claim for prepetition employment taxes.     Beginning 30 days after the date of confirmation, and continuing on the same day of each month thereafter for 6 months, the Debtor shall pay ADOR $3,000.00 to be applied to the administrative claim.     After 6 months of payments of $3,000.00, the monthly payment to ADOR shall increase to $5,000.00 with such amount to be paid until the administrative and unsecured priority claims of ADOR have been fully paid. Any amount due ADOR for administrative and unsecured priority  claims at the end of 5 years from the date of this Order shall be fully paid by the Debtor to ADOR.   Interest shall be paid on the administrative claim and the unsecured priority claim of 3% per annum.     The Debtor's failure to comply with the Plan provisions concerning the liability owed to ADOR shall constitute a default of the Plan, which includes, but is not limited to, the failure to make the full and timely payment(s), file a tax return, or pay a post-petition tax liability timely.      If the Debtor fails to cure any monetary default with certified funds, together with any outstanding returns, within ten (10) calendar days after written notice of the default from ADOR or its agents, to the Debtor's attorney of record, the entire balance due ADOR shall be immediately due and owing.   Further, in the event of a default, ADOR may enforce the entire amount of its administrative and unsecured priority claims, exercise any and all rights and remedies under applicable non-bankruptcy law which includes, but is not limited to, state tax collection procedure, and obtain any other such relief deemed appropriate by the Bankruptcy Court.

**EXHIBIT C**

Class 6. DES is due an administrative claim for postpetition unemployment insurance taxes and an unsecured priority claim for prepetition unemployment insurance taxes. Beginning 30 days after the day of confirmation and continuing on the same day of each month thereafter for 6 months, the Debtor shall pay DES $1,000.00 to be applied to the administrative claim. After 6 months of payment of $1,000.00, the monthly payment to DES shall increase to $3,000.00 with such amount to be paid until the administrative and unsecured priority claims of DES have been fully paid. Any amount due DES for the postpetition and prepetition unemployment insurance taxes at the end of 5 years from the date of this Order shall be fully paid by the Debtor to DES. Interest shall be paid on the administrative claim and the unsecured priority claim of 3% per annum. The Debtor's failure to comply with the Plan provisions concerning the liability owed to DES shall constitute a default of the Plan, which includes, but is not limited to, the failure to make the full and timely payment(s), file a tax return or quarterly wage report, or pay a post-petition tax liability timely. If the Debtor fails to cure any monetary default with certified funds, together with any outstanding returns, within ten (10) calendar days after written notice of the default from DES or its agents, to the Debtor's attorney of record, the entire balance due DES shall be immediately due and owing. Further, in the event of a default, DES may enforce the entire amount of its claim, exercise any and all rights and remedies under applicable non-bankruptcy law which includes, but is not limited to, state tax collection procedures, and obtain any other such relief deemed appropriate by the Bankruptcy Court.

**EXHIBIT D**

**LANE & NACH, P.C.**
2025 North Third Street
The Brookstone - Suite 157
Phoenix, Arizona 85004
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003
Adam B. Nach – 013622
Email: adam.nach@lane-nach.com

Attorneys for Compass Bank

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | (Chapter 11) |
| SIERRA BLANCA REHABILITATION, LLC, | Case No. 2:12-bk-10157-RJH |
| Debtor. | **STIPULATION FOR PLAN SUPPORT AGREEMENT** |

Compass Bank (referred hereinafter as "Compass" or "Lender") and Sierra Blanca Rehabilitation, LLC, Debtor, (collectively "Parties") by and through their respective attorneys undersigned, stipulate and agree as follows:

1. This case was commenced by voluntary Chapter 11 Petition filed by Sierra Blanca Rehabilitation, LLC ("Debtor" or "Sierra Blanca") on May 9, 2012.

2. Compass, by way of an Irrevocable Unconditional Letter of Credit dated June 3, 2009 authorized Debtor to borrow from Compass up to $187,488.00 ("Letter of Credit"). The Letter of Credit was modified by Change in Terms Agreement dated June 11, 2011 and executed August 30, 2011 ("Change in Terms") which requires Debtor to immediately pay the amount necessary to reduce the then outstanding principal balance on the LOC to $100,000.00 (the Letter of Credit and Change in Terms are collectively referred to as "LOC").

3. Pursuant to the LOC, Debtor agreed to pay the principal balance of $100,000.00 by remitting forty-five (45) consecutive monthly payments in the amount of $2,491.23 beginning September 6, 2011, with a final payment of $2,493.62 due on June 11, 2015.

Lane & Nach, P.C.
2025 N. 3rd St, #157
Phoenix, AZ 85004

1    4.   Compass alleges that the outstanding principal amount as of January 11, 2013 is

2    $67,004.30.

3    5.   Compass alleges that the LOC is guaranteed by a Payment Guaranty executed by the

4    following (the "Guarantors"):

5         a.   Matthew K. Meyer;

6         b.   Tammy A. Meyer;

7         c.   Joseph A. Martin;

8         d.   Mary E. Martin;

9         e.   Scott E. Morin;

10        f.   Harvey F. Pelovsky;

11        g.   Gail Pelovsky;

12        h.   Health Care Management Services, LLC; and

13        i.   Compassion Care Management Services, Inc.

14   6.   Additionally, the money market account in the amount of $101,947.70, number 0334

15   ("CD") is collateral for the LOC pursuant to Assignment of Deposit Account dated June 11, 2011. The

16   CD is not property of the estate.

17   7.   Compass alleges that pursuant to the terms and conditions set forth in the LOC, the

18   commencement of a bankruptcy case constitutes an Event of Default.

19   8.   Pursuant to the terms and conditions of the LOC, Debtor shall pay Lender's attorneys' fees

20   and expenses incurred upon the Event of Default. The attorney fees and costs as of September 1, 2012

21   are less than $8,500.00

22   9.   Debtor is current on its payments under the LOC. Debtor has not remitted payment to

23   Compass for its attorneys' fees and expenses incurred to date arising from the Debtor's bankruptcy and

24   the Writ of Garnishment filed by Medline Industries, Inc. in the Superior Court of the State of Arizona,

25   County of Navajo.

26   10.  Compass has agreed to forbear from pursuing the Guarantors and the CD subject to the

27   Debtor keeping the LOC current and paying a sum certain of Compass' attorneys' fees and costs in the

28   bankruptcy proceeding.

Lane & Nach, P.C.
2025 N. 3rd St., #157
Phoenix, AZ 85004

11. Debtor and Compass further agree that the following Plan Support Agreement is contingent upon the Debtor successfully making timely monthly installment payments of principal and interest, as set forth in the LOC and further described below, plus an additional payment of $750.00 per month, beginning with the February 2013 payment and continuing until such time as $7,500.00 of Compass' attorneys' fees are paid. Failure to make timely, monthly installment payments of principal and interest, plus payment of attorneys' fees, shall be considered an event of default, and will act to terminate the terms of this settlement and Compass may exercise all its rights and remedies against the Guarantors and CD.

12. No modification, amendment, or waiver of any of the provisions of this Plan Support Agreement shall be effective unless in writing and signed by the parties.

**PLAN SUPPORT AGREEMENT**

13. Compass agrees that it will vote its impaired unsecured claim in favor of Debtor's Chapter 11 plan of reorganization under the condition that the plan of reorganization provides for, inter alia, the following treatment of Compass' claim:

 a. Debtor shall continue to make monthly consecutive payments of principal and interest, in the amount of $2,491.23, beginning October 11, 2012 and continuing until paid;

 b. Debtor shall make a final payment to Compass on the LOC in the amount of the outstanding amount owed on or before June 11, 2015;

 c. Debtor shall pay the attorney fees and costs arising from the LOC in an amount of $750.00 per month until $7,500.00 of attorneys' fees and costs have been paid;

 d. Compass shall give Debtor and Debtor's attorney ten (10) days written notice to cure any default ("Cure Period") to the following;

Donald W. Powell
Carmichael & Powell, P.C.
7301 N. 16th St., #103
Phoenix, AZ 85020

Matthew K. Meyer
23605 North 24th Terrace
Phoenix, AZ 85024

Lane & Nach, P.C.
2025 N. 3rd St., #157
Phoenix, AZ 85004

e.  The failure to cure any default within the Cure Period may result in Compass exercising all of its rights and remedies.

f.  Guarantors shall remain liable for only valid and proven amounts due Compass in the event Debtor fails to remit payment pursuant to the Plan Support Agreement and pursuant to the LOC or otherwise defaults under the LOC.

WHEREFORE, the Parties pray for an Order of this Court approving the Stipulation as proposed herein and for such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 25th day of January, 2013.

**LANE & NACH, P.C.**

By: /s/ Adam B. Nach – 013622
   Adam B. Nach
   Attorneys for Compass Bank

**CARMICHAEL & POWELL, P.C.**

By: /s/ Donald W. Powell – 003238 *(with permission)*
   Donald W. Powell
   Attorney for Debtor

**COPY** of the foregoing mailed this
  25th day of January, 2013 to:

Sierra Blanca Rehabilitation, LLC
3401 N. Lockwood Dr.
Lakeside, AZ 85929
*Debtor*

Matthew K. Meyer
23605 North 24th Terrace
Phoenix, AZ 85024

Tammy A. Meyer
23605 North 24th Terrace
Phoenix, AZ 85024

Joseph A. Martin
5134 North Central, #204
Phoenix, AZ 85012

Mary E. Martin
5134 North Central, #204
Phoenix, AZ 85012

Scott E. Morin
9609 West Potter Drive
Peoria, AZ 85382

Harvey F. Pelovsky
32 S. Union Park Drive
Payson, AZ 85541

Gail Pelovsky
32 S. Union Park Drive
Payson, AZ 85541

Lane & Nach, P.C.
2025 N. 3rd St., #157
Phoenix, AZ 85004

Health Care Management Services, LLC
9609 West Potter Drive
Peoria, AZ 85382

Compassion Care Management Services, Inc.
32 S. Union Park Drive
Payson, AZ 85541

**Those creditors on the master mailing list**
**And The Top Twenty Unsecured Creditors:**

Payson Apothecary Pharmacy
201 W. Main St., Ste. D
Payson, AZ 85541

Summit Healthcare
2200 Show Low Lake Rd.
Show Low, AZ 85901

Northern Chemical Company
6110 NW Grand Avenue
Glendale, AZ 85301

Gulf South Medical Supply
P.O. Box 841968
Dallas, TX 75284

Patient Care Infusion
1626 South Edward Drive
Tempe, AZ 85281

KCI The Clinical Advantage
P.O. Box 659508
San Antonio, TX 78265

Shamrock Food Company
P.O. Box 52438
Phoenix, AZ 85072

Medline Industries, Inc.
Dept. LA 21558
Pasadena, CA 91185

Altus Healthcare
1151 W. Iron Springs Rd., Ste. D
Prescott, AZ 86305

Donahue & Associates, Inc.
22514 N. 37th Run
Phoenix, AZ 85050

Walgreens
P.O. Box 90480
Chicago, IL 60696

Synertx
7540 North 19th Ave., #200
Phoenix, AZ 85021

Wescom Solutions, Inc.
6975 Creditview Rd., Unit 4
Mississauga, Ontario Canada L5N8E9

Dallas Peterson
416 S. 2nd West
Snowflake, AZ 85937

Direct Supply
Box 88201
Milwaukee, WI 53288

Invacare Rentals
P.O. Box 534566
Atlanta, GA 30353

NEC
1878 W. White Mtn. Blvd.
Lakeside, AZ 85929

Crandall Corporate Dietitians
P.O. Box 31060
Mesa, AZ 85275

Staples
P.O. Box 71217
Chicago, IL 60694

Arjohuntkleigh
P.O. Box 640799
Pittsburgh, PA 15264

Lane & Nach, P.C.
2025 N. 3rd St., #157
Phoenix, AZ 85004

1  *and transmitted electronically to:*

2  Donald W. Powell
   Carmichael & Powell, P.C.
3  7301 N. 16th St., #103
   Phoenix, AZ 85020
4  d.powell@cplawfirm.com
   *Attorneys for Debtor*
5
   Office of the U.S. Trustee
6  230 North First Ave., Suite 204
   Phoenix, AZ 85003-1706
7  ustpregion14.px.ecf@usdoj.gov

8

9  By /s/ Terie Flowers Turner

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
   Lane & Nach, P.C.
   2025 N. 3rd St., #157
   Phoenix, AZ 85004

**EXHIBIT E**

Donald W. Powell – State Bar No. 3238
**CARMICHAEL & POWELL, P.C.**
7301 North 16th Street, Ste. 103
Phoenix, Arizona 85020-5297
Phone: (602) 861-0777
Email: d.powell@cplawfirm.com

Attorneys for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA

In re

SIERRA BLANCA REHABILITATION, LLC,

Debtor.

No. 2-12-10157-RJH

CHAPTER 11

FIRST AMENDED PLAN OF REORGANIZATION

COMES NOW the Debtor, by and through its attorneys undersigned, and herein proposes the following Plan of Reorganization.

I.    Classification of Creditors.

The classes of creditors are divided as follows:

Class 1    Expenses of Administration.

Class 2    COMPASS BANK ("COMPASS").

Class 3    NAVOPACHE ELECTRIC COOPERATIVE ("NEC").

Class 4    INTERNAL REVENUE SERVICE ("IRS").

CARMICHAEL & POWELL
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
7301 NORTH 16TH STREET, SUITE 103
PHOENIX, ARIZONA 850020-5297
(602) 861-0777

Class 5     ARIZONA DEPARTMENT OF REVENUE ("ADOR").

Class 6     ARIZONA DEPARTMENT OF ECONOMIC SECURITY ("DES").

Class 7     Unsecured creditors with claims exceeding $2,000.00.

Class 8     Unsecured creditors with claims of $2,000.00 or less.

Class 9.    Owners.

II.   <u>Treatment Provisions for Claims of Creditors</u>.

The claims of creditors will be satisfied and treated as below set forth:

Class 1.    The Debtor has certain administrative claimants. The Debtor will pay any approved sums to administrative claimants within 30 days of the applicable Court Order, unless the applicable administrative claimant agrees to a later date.   Any sums due the United States Trustee are within this Class; it is believed the Debtor is current with quarterly payments due the United States Trustee, and will so remain current.   This Class is not impaired by the Plan.

Class 2.    COMPASS possesses an Irrevocable Unconditional Letter of Credit ("LOC") from the Debtor.   The LOC is guaranteed by possibly 9 entities.   Additionally, a money market account of approximately $101,900.00 is collateral for the LOC, such money market account not property of the Debtor. The Debtor is required to make monthly payments to COMPASS of $2,491.23 for principal and interest on the LOC, which payments are current.   All sums due COMPASS under the LOC shall be paid by June 11, 2015.   COMPASS has

- 2 -

incurred certain attorneys fees and costs regarding the LOC and collection efforts concerning the same. An additional amount of $7,500.00 shall be paid to COMPASS for such attorneys fees and costs in 10 equal payments of $750.00 beginning March 11, 2013, and continuing on the same day of each month until paid. The lien of COMPASS shall be retained until COMPASS has been paid pursuant to the terms of this Class. Interest is applicable at the contract rate. This Class is impaired by the Plan.

Class 3. NEC is the utility provider to the Debtor for electricity. The Debtor is current with utility payments to NEC post-petition and will remain current. Prepetition sums are due NEC, which will be paid in monthly installments of $1,000.00 beginning 30 days after the date of confirmation and continuing on the same day of each month thereafter until fully paid. Interest will not be paid to NEC. This Class is impaired by the Plan.

Class 4. IRS is due for post-petition and prepetition withholding taxes. Beginning 30 days after the date of confirmation, and continuing on the same day of each month thereafter for a total of 12 months, the Debtor shall pay IRS $10,000.00. Subsequently, for a total of 12 months, the Debtor shall pay IRS $15,000.00 each month. At the end of such 24 months of payments, the Debtor shall pay IRS $20,000.00 each month until the post-petition and prepetition withholding taxes have been fully satisfied. The payments to IRS in this Class shall first be applied to the post-petition withholding taxes, and after satisfaction of the post-petition withholding taxes, the payments shall be applied to the prepetition withholding taxes. This Class is impaired by the Plan.

Class 5. ADOR is due for post-petition and prepetition withholding taxes. Beginning 30 days after the date of confirmation, and continuing on the same day of each month thereafter, the Debtor shall pay ADOR $2,000.00; any unpaid amount due ADOR shall be paid in full by the

CARMICHAEL & POWELL
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
7301 NORTH 16TH STREET, SUITE 103
PHOENIX, ARIZONA 850020-5297
(602) 861-0777

CARMICHAEL & POWELL
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
7301 NORTH 16TH STREET, SUITE 103
PHOENIX, ARIZONA 850020-5297
(602) 861-0777

1  Debtor within 5 years of the date of confirmation.   This Class is impaired by the

2  Plan.

3       Class 6.   DES is due a prepetition amount for unemployment

4  taxes.   Beginning 30 days after the date of confirmation, and continuing on the

5  same day of each month thereafter, the Debtor shall pay DES $750.00; any

6  unpaid amount due DES shall be paid in full by the Debtor within 5 years of the

7  date of confirmation.   This Class is impaired by the Plan.

8       Class 7.   The Debtor will pay unsecured creditors with valid and

9  proven claims exceeding $2,000.00 the total amount of $50,000.00 on a prorata

10 basis.   Such amount will be paid in two annual payments of $25,000.00, plus

11 interest at 4% per annum, beginning 12 months from the date of confirmation and

12 continuing on the same date for the following year.   It is the opinion of the

13 Debtor that unsecured creditors having valid and proven claims in this Class will

14 receive approximately 10% of said claim.   This Class is impaired by the Plan.

15      Class 8.   As an administrative convenience, the Debtor will pay

16 unsecured creditors with valid and proven claims of $2,000.00 or less an amount

17 of 10% of such claim within 30 days of the date of confirmation.   An unsecured

18 creditor holding a valid and proven claim exceeding $2,000.00 can elect to

19 reduce such claim to $2,000.00 and be treated in this Class.   This Class is

20 impaired by the Plan.

21      Class 9.   The Owners of the Debtor are MATTHEW MEYER,

22 JOSEPH  A.  and  MARY  E.  MARTIN,  HEALTHCARE  MANAGEMENT

23 SERVICES, LLC, and COMPASSION CARE MANAGEMENT SERVICES, INC.

24 Under the Plan, they will retain full ownership of the Debtor.   From personal

25 funds,  such  entities  will  contribute  a  total  of  $10,000.00  to  assist  in

26 consummation of the Plan.   Additionally, since the filing of the Chapter 11

27 Petition, such entities have contributed $92,600.00 to the Debtor which amount

- 4 -

U:\DWP\Sierra Blanca Rehabilitation, LLC\Pldg\First Amended Plan of Reorganization.doc

1  will not be repaid under the Plan.    The owners have never received
2  compensation from the Debtor since the Debtor began business.    It is the belief
3  of such entities that if a Chapter 7 liquidation occurs, there will be absolutely no
4  funds left for the owners of the Debtor.    Due to the amounts of administrative
5  claims, tax claims and unsecured claims, they believe no net value will be
6  applicable for the Debtor for an extensive period of time. The owners are of the
7  opinion that, due to the fact there is no net value of the Debtor, such amount of
8  $10,000.00, plus waiver of payment under the Plan of other amounts due them,
9  are    an equivalent value of their interest in the Debtor.    Such amount of
10 $10,000.00 shall be contributed within 6 months of the date of confirmation.
11 Competing Plan proposals shall be allowed under applicable bankruptcy laws,
12 and creditors shall have the opportunity to participate in and bid on the equity
13 rights being retained by the owners.  Any non-compliance with 11 U.S.C. §
14 1129(b)(2)(B)(l), which provides that each holder of an unsecured claim in a
15 Class receive or retain on account of such claim property of a value, as of the
16 effective date of the Plan, equal to the allowed amount of such claim, shall be
17 resolved by the new money which is being contributed to the Debtor, thereby
18 satisfying the "new value exception" to the absolute priority rule of the Bankruptcy
19 Code. This Class is impaired by the Plan.
20          III.    Execution and Implementation of the Plan.
21          MATTHEW MEYER shall continue to serve as the person to
22 perform the duties of the Debtor-In-Possession.   The law firm of CARMICHAEL
23 & POWELL, P.C., will represent the Debtor regarding consummation of the Plan
24 of Reorganization. The funds necessary to effectuate consummation of the Plan
25 of Reorganization will derive from business revenues received by the Debtor and
26 the new money being contributed by the owners.
27

CARMICHAEL & POWELL
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
7301 NORTH 16TH STREET, SUITE 103
PHOENIX, ARIZONA 850020-5297
(602) 861-0777

U:\DWP\Sierra Blanca Rehabilitation, LLC\Pldg\First Amended Plan of Reorganization.doc

CARMICHAEL & POWELL
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
7301 NORTH 16TH STREET, SUITE 103
PHOENIX, ARIZONA 850020-5297
(602) 861-0777

IV.    Contested Claims.

Contested claims by the Debtor shall be paid only upon their allowance by the Court, and in such allowed amount according to the Class in which they belong.

V.    Modification of the Plan.

The Debtor may propose amendments or modifications of this Plan at any time prior to confirmation by compliance with 11 U.S.C. § 1127. After confirmation the Debtor may, with approval of the Court, with notice and a hearing if the Court so orders, and so long as it does not materially or adversely affect the interests of the creditors, remedy any defect or omission or reconcile any inconsistencies in the Plan or in the order of confirmation in such manner as may be necessary to carry out the purposes and effect of the Plan.

VI.    Jurisdiction of the Court.

The Court will retain jurisdiction, until the Plan has been fully consummated, concerning, but not limited to, the following:

1.    The classification of the claim of any creditor and the re-examination of the claims which have been allowed for the purposes of voting and the determination of such objections as may be filed to creditors' claims. The failure by the Debtor to object to or examine any claim for purposes of voting shall not be deemed to be a waiver of the Debtor's right to object to or re-examine the claim in whole or in part.

2.    The determination of all questions and disputes regarding title to the assets of the estate and determination of all causes of action, controversies, disputes or conflicts whether or not subject to any action pending as of the date of confirmation between the Debtor and any other party including, but not limited to, any right of the Debtor to recover assets pursuant to the provisions of Title 11 of the United States Code.

- 6 -

3. The modification of this Plan after confirmation pursuant to the Bankruptcy Rules and Title 11 of the United States Code.

4. The enforcement and interpretation of the terms and conditions of this Plan.

5. The entry of any order, including injunctions, necessary to enforce the title, rights and powers of the Debtor and to impose such limitations, restrictions, terms and conditions of such title, rights and powers.

6. The entry of any Order concluding in the termination of the case.

VII. Post Confirmation Activities.

The assets of the Debtor will not be dissipated after confirmation of the Plan.

VIII. United States Trustee Post-Confirmation.

The Debtor will satisfy, by cash payment and on a timely basis, the quarterly fees due the United States Trustee post-confirmation, such quarterly fees to be paid until a Final Decree has been entered. Further, the Debtor will file on a timely basis, post-confirmation, the required Financial Reports due the United States Trustee, with copies of all such Reports being filed to be served on the United States Trustee.

IX. Plan Default.

The Debtor's failure to make any payment due under the Plan within thirty (30) days after the payment is due shall constitute a default unless the Debtor and the affected creditor agree to delayed payment. A default in payment as to one creditor shall constitute a default in payment as to all creditors. A default shall also occur when any default provisions of any creditor's contract with the Debtor assumed or continued by the Plan has been breached except to the extent that the default provisions or applicability thereof are

CARMICHAEL & POWELL
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
7301 NORTH 16TH STREET, SUITE 103
PHOENIX, ARIZONA 85020-5297
(602) 861-0777

- 7 -
U:\DWP\Sierra Blanca Rehabilitation, LLC\Pldg\First Amended Plan of Reorganization.doc

CARMICHAEL & POWELL
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
7301 NORTH 16TH STREET, SUITE 103
PHOENIX, ARIZONA 850020-5297
(602) 861-0777

1   modified by the Plan. Upon default, creditors may immediately move for

2   conversion or dismissal of this case, pursuant to 11 U.S.C. § 1112.

3                    X.     Effect of Confirmation.

4          Except as otherwise provided in the Plan or the Order Confirming

5   Plan, confirmation acts as a discharge, effective the date of confirmation, of any

6   and all dischargeable debts of the Debtor that arose any time before the entry of

7   the Order Confirming Plan including, but not limited to, all principal and interest

8   accrued thereon, pursuant to §1141(d)(1) of the Bankruptcy Code. The

9   discharge shall be effective as to each dischargeable claim, regardless of

10  whether a Proof of Claim thereon was filed, whether the claim is an allowed claim

11  or whether the holder thereof votes to accept the Plan.

12         In addition, any pre-confirmation obligations of the Debtor dealt

13  with in the Plan shall be considered new obligations of the Debtor, and such new

14  obligations shall not be considered in default unless and until the Debtor defaults

15  on the new obligations pursuant to the terms of the Plan. The new obligations

16  provided for in the Plan shall be in the place of, and completely substitute for, any

17  pre-confirmation obligations of the Debtor and, once the Plan is confirmed, the

18  only obligations of the Debtor shall be such new obligations as provided for under

19  the Plan.

20                   XI.     Unclaimed Funds and Interest.

21         Distribution to claimants shall be mailed by the Debtor to claimants

22  at the address appearing on the master mailing matrix unless the claimant

23  provides the Debtor with an alternative address. For a period of one year from

24  the date a distribution was made by the Debtor but has gone uncollected by the

25  claimant, the Debtor shall retain any distributions otherwise distributable

26  hereunder which remain unclaimed. Thereafter, the unclaimed funds shall revest

27  in the Debtor.

U:\DWP\Sierra Blanca Rehabilitation, LLC\Pldg\First Amended Plan of Reorganization.doc

XII.  Revesting.

Except as provided for in the Plan or in the Order Confirming Plan, on the date of confirmation the Debtor shall be vested with all the property of the estate, free and clear of all claims, liens, charges, and other interests of creditors, arising prior to the date of confirmation.  Upon the date of confirmation, the Debtor shall operate the business free of any restrictions.

RESPECTFULLY SUBMITTED this 1st day of July, 2013.

CARMICHAEL & POWELL, P.C.

By

Donald W. Powell
7301 North 16th Street, #103
Phoenix, Arizona 85020
Attorneys for Debtor

CARMICHAEL & POWELL
PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
7301 NORTH 16TH STREET, SUITE 103
PHOENIX, ARIZONA 850020-5297
(602) 861-0777

U:\DWP\Sierra Blanca Rehabilitation, LLC\Pldg\First Amended Plan of Reorganization.doc